OPINION
On April 10, 1989, appellant, Carla Reppert, gave birth to a child. On June 27, 1996, a URESA petition was filed on appellant's behalf by the Stark County Child Support Enforcement Agency against appellee, Michael Albaugh.
A hearing before a magistrate was held on October 22, 1997. By report dated October 23, 1997, the magistrate ordered child support in the amount of $398.97 per month from January 1, 1997, and awarded the tax exemption to each party on alternating years.
Appellant filed a motion to set aside the report of the magistrate and a hearing before the trial court was held on December 15, 1997. By judgment entry filed December 16, 1997, the trial court adopted the magistrate's orders.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE SUPPORT COMMENCEMENT DATE OF JANUARY 1, 1997 ALMOST EIGHT (8) YEARS AFTER THE BIRTH OF THE MINOR CHILD IS BOTH ARBITRARY AND CONTRARY TO LAW.
II
 ALTERNATING THE FEDERAL AND STATE INCOME TAX EXEMPTION WITHOUT THE ANALYSIS REQUIRED IN THE CASE OF SINGER VS. DICKINSON, IS CONTRARY TO LAW.
 I
Appellant claims the trial court erred in setting January 1, 1997 as the commencement date for appellant's child support obligation. We disagree.
R.C. 3113.13(E) governs determinations on child support and states as follows:
 In determining the amount to be paid by a parent for support of the child and the period during which the duty of support is owed, a court enforcing the obligation of support shall comply with sections 3113.21
to 3113.219 [3113.21.9] of the Revised Code, and shall consider all relevant factors, including, but not limited to, all of the following:
 (1) The physical and emotional condition and needs of the child;
 (2) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the parents been married;
 (3) The relative financial resources, other assets and resources, and needs of each parent;
(4) The earning ability of each parent;
 (5) The need and capacity of the child for education, and the educational opportunities that would have been available to him had the parents been married;
(6) The age of child;
 (7) The financial resources and the earning ability of the child;
 (8) The responsibility of each parent for the support of others;
 (9) The value of services contributed by the parent who is the residential parent and legal custodian.
Appellant does not take issue with this statute, but argues the trial court was arbitrary in not making the child support payments retroactive to the day of the child's birth, April 19, 1989.
Determinations on child support lie within the trial court's sound discretion. Booth v. Booth (1989), 44 Ohio St.3d 142. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Appellant did not inform appellee of the existence of the child until the filing of the motion for support. T. at 15-16. Based upon this fact, we find the trial court's decision not to make the child support obligation retroactive to the child's birth not to be error.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in awarding the tax exemption to each parent on alternating years. We agree.
Both parties earn a similar income ($38,832 for appellant, $47,212 for appellee), and both have two additional children. Under Singer v. Dickinson (1992), 63 Ohio St.3d 408, paragraphs two and three of the syllabus, the trial court must make an analysis of the benefit to each party with the tax exemption:
 2. The allocation of the dependency exemption provided by Section 152(e), Title 26, U.S. Code may be awarded to the noncustodial parent when that allocation would produce a net tax savings for the parents, thereby furthering the best interest of the child.
 3. In determining whether taxes would be saved by allocating the federal tax dependency exemption to the noncustodial parent, a court should review all pertinent factors, including the parents' gross incomes, the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates.
It appears from the record no such analysis was done subjudice.
Assignment of Error II is granted.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
By Farmer, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed and remanded to said court for analysis of the tax exemption savings to each party.